FILED

NOT FOR PUBLICATION

JAN 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH R. DELGADO,

Plaintiff - Appellant,

v.

A. BARNES, Correctional Officer; et al.,

Defendants - Appellees.

No. 10-17416

D.C. No. 4:08-cv-02556-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 19, 2011**

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Kenneth R. Delgado appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging, inter alia, that

defendants were deliberately indifferent to his safety.  We have jurisdiction under

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment for defendants Woolf and Johnson because Delgado failed to raise a genuine dispute of material fact as to whether they knew of and disregarded an excessive risk that Delgado would be attacked by rival gang members. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . .").

However, summary judgment for defendant Barnes was premature. There is a genuine dispute of material fact as to whether Barnes knew of and disregarded an excessive risk that the rival gang members would attack and injure Delgado. *See id.* at 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." (internal citation omitted)).

Contrary to defendants' contention, Barnes is not entitled to qualified immunity because there remains a triable dispute as to whether he violated

Delgado's clearly established constitutional rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009) (qualified immunity analysis requires a determination whether the facts, taken in the light most favorable to the party asserting the injury, show that the defendant violated a clearly established constitutional right); *Farmer*, 511 U.S. at 832-33 (clearly establishing that the Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners). Accordingly, we reverse and remand for further proceedings on Delgado's deliberate indifference claim against defendant Barnes.

We do not consider Delgado's contentions that the district court abused its discretion by not appointing counsel or by granting defendants' motion to stay discovery, given his failure to raise these issues before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). On remand, the district court may allow the parties to conduct discovery in light of the lack of previous opportunity to conduct discovery.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**